## In the Matter of Fazia DEEN–BACCHUS, Respondent.

### No. 29S00–1403–DI–184.

Supreme Court of Indiana.

March 11, 2016.

### Published Order Approving Statement of Circumstances and Conditional Agreement for Discipline

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.

**Stipulated Facts:** *Count 1.* In 2006, K.V. was cited for an infraction, and thereafter twice failed to appear for a hearing. In April 2007, Respondent sent a demand letter on behalf of K.V. in an unrelated dispute involving a swimming pool. In the same month, Respondent entered her appearance for K.V. in the infraction case but did not tell K.V. that a new hearing date had been set for May 9, 2007. Neither Respondent nor K.V. appeared on that date, and a warrant was issued for K.V. After K.V. filed a grievance against Respondent, Respondent falsely asserted that K.V. had never been a client of hers.

*Count 2.* The Muslim Alliance of Indiana ("MAI"), a not-for-profit community services organization, operated a legal clinic to provide legal services to persons of limited means in Indiana. To operate the legal clinic, MAI contracted with various attorneys, including Respondent. MAI had a strict policy that if a client was not timely paying his or her fees, the attorney handling the matter would withdraw.

In December 2009, C.R. entered into a fee agreement with the MAI legal clinic under which Respondent would represent her in seeking to adopt her sister's children. At the time, the children were already subjects of an adoption action filed by the children's foster parents. Respondent did not seek to intervene on behalf of C.R. in the pending adoption case, nor did she take any other action on behalf of C.R. On March 4, 2010, the court in the pending adoption case issued an order under which the foster parents became the adoptive parents of the children. The following day, Respondent filed a new adoption petition on behalf of C.R. in the same county, making no mention of the prior adoption action. On the same day, MAI sent a notice to C.R. that she was delinquent on her legal fees and that MAI and/or Respondent would withdraw if not promptly paid. Respondent took no further action in the new adoption case. In February 2011, Respondent terminated her agreement with MAI and withdrew her appearance in the new adoption case, which later was dismissed.

*Aggravating and mitigating facts.* The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Although Respondent was admitted to practice in 2004, she did not maintain an active law practice and had very little experience at the time of the representations at issue here; and (2) Respondent has no prior discipline.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1: Failure to provide competent representation.

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

8.1(a): Knowingly making a false statement of material fact to the Disciplinary Commission in connection with a disciplinary matter.

**Discipline:** The parties propose the appropriate discipline is a suspension of 90 days with automatic reinstatement. The Court has considered the submissions of the parties and, with a majority of Justices concurring, the Court now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 90 days, beginning April 21, 2016.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.